**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| RICHARD JAMES TATE §<br>   *Plaintiff,* §<br>§<br>v. §<br>§<br>RCI, LLC and VALLARTA §<br>ADVENTURES SA de CV §<br>   *Defendants.* § | CIVIL ACTION NO. _____<br><br><br><br><br><br>**JURY TRIAL REQUESTED** |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Richard James Tate, Plaintiff, and files this Plaintiff's Original Petition, complaining of Defendants RCI, LLC and Vallarta Adventures SA de CV, and for cause of action would respectfully show this Court the following:

### I. **PARTIES**

1. Plaintiff Richard James Tate ("Plaintiff") is an individual residing in Harris County, Texas.

2. Defendant RCI, LLC ("RCI") is a foreign limited liability company, and may be served through its registered agent via personal service, Corporate Creations Network Inc., 2425 West Loop South, Suite 200, Houston, Texas, 77027.

3. Defendant Vallarta Adventures SA de CV ("VALLARTA") is a foreign corporation and can be served at its principal place of business, Mastil 13, Int. C, Marina Vallarta, Jalisco, Mexico 48335.

## II. JURISDICTION

4. The Court has jurisdiction over this lawsuit under 28 USC § 1332(a)(1) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

5. The defendants have purposefully availed themselves of the benefits of Texas by establishing 'minimum contacts' with Texas. Also, the exercise of jurisdiction over defendants does not offend 'traditional notions of fair play and substantial justice.'

6. Defendants VALLARTA and RCI both purposefully and continuously market, advertise, and transact business with Texas residents using interactive websites.[1] Both VALLARTA and RCI do business over the Internet by entering contracts with Texas residents which involve the knowing and repeated transmission of computer files over the Internet. VALLARTA and RCI both own and maintain interactive websites wherein Texas residents can order, fund and electronically process orders for good and services from VALLARTA and RCI.

7. RCI owns and maintains an active website for the purpose of advertising, marketing and selling goods and services directly to consumers, including Texas residents. Texas residents can easily reserve and purchase travel packages to various locations on RCI's website. Upon information and belief, RCI has engaged countless Texas residents to enter countless transactions with Texas

---

[1] VALLARTA conducts business using the interactive website located at http://www.vallarta-adventures.com/. RCI maintains https://www.rci.com/.

2

residents by and through the use of its interactive website. RCI uses its website to market and advertise a MasterCard which Texas patrons can use to enter purchase-money transactions with RCI. Upon information and belief, RCI has engaged in countless transactions with Texas residents and has accepted unknown amounts of money from Texas banks in the course of these countless transactions. Furthermore, RCI is registered to conduct business and has appointed an agent in Texas to accept service of process.

8. VALLARTA owns and maintains an active website for the purpose of advertising, marketing and selling goods and services directly to consumers, including Texas residents, using credit cards and the stream of commerce in Texas. VALLARTA's website includes features used to interact with Texas residents such as VALLARTA's email account, an online service representative chat feature, a Skype account for video interfacing between VALLARTA and Texas residents, and a toll-free number for Texas residents. Upon information and belief, VALLARTA has engaged countless Texas residents to enter into countless transactions by and through the use of its interactive website.

9. Texas residents can easily purchase photographs, tee shirts, jackets, hats, towels and toys on VALLARTA's interactive website. Plaintiff purchased items relating to the incident made the basis of this petition using this feature of VALLARTA's interactive website. Texas residents can also reserve and purchase travel packages to various locations on VALLARTA's website, and VALLARTA even offers special pricing for purchases made over the website. Upon information

3

and belief, VALLARTA has shipped countless goods to Texas residents through the use of the stream of commerce in Texas, and has accepted unknown sums of money from Texas banks in the course of these countless transactions.

10. The Court's exercise of personal jurisdiction over Defendants VALLARTA and RCI comports with principles of due process because VALLARTA and RCI purposefully availed themselves of benefits and protections of Texas by establishing "minimum contacts" with Texas. The quality and nature of VALLARTA and RCI's contacts with Texas are such that exercise of jurisdiction over VALLARTA and RCI does not offend judicial notions of fair play and substantial justice.

### III. FACTS

11. The incident in this case was caused by the negligence of VALLARTA and RCI.

12. On or about July 21, 2016, RCI promoted, sold, vouched for and recommended a zip-line and waterslide excursion tour to Plaintiff. A zip-line excursion involves a person wearing a harness being attached to a cable and while suspended up to one hundred feet or more, "zips" down the cable over a jungle canopy at a high rate of speed. While part of the excursion in question involved a zip-line ride, the excursion also included an eighty (80) foot hillside water slide with a "figure eight" in a tunnel. Such rides are inherently dangerous and one or more participants have been seriously injured on similar rides in other locales, which RCI knows. The one at issue was in Puerto Vallarta, Mexico and was operated by

VALLARTA. Participants, donned with a helmet and elbow pads, cross their hands across their shoulders while laying down at a staging area at the top of the slide. An employee of VALLARTA, upon receiving the "green light" from below to send the next participant down the slide, physically pushes the participant.

13. RCI is engaged in the business of providing a vacation experience to the public. Part of that experience is the participation in excursions near the vacation properties that comprise RCI's network of vacation properties. RCI provides, promotes, advertises, and vouches for the tours from its vacation properties, in its literature and on its website. Upon information and belief, RCI chooses which companies would be the operators for the excursions for its guests and enters agreements with various excursion providers, including the one at issue, for which RCI receives money from the sale of the excursions.

14. RCI negligently selected the operator VALLARTA of the water slide excursion, and did not exercise ordinary reasonable care in verifying initially or in monitoring whether representations made about the tour and the operator VALLARTA, were in fact true or remained true at the time the tour was sold. RCI negligently selected and failed to inspect or monitor the tour which was unsafe, which provided neither equipment nor personnel which were safe and qualified, and which was not the result of reasonable care in the process of selecting operators to endorse, promote, and advertise.

15. VALLARTA is engaged in the business of maintaining amusement attractions such as the waterslide excursion on its property. VALLARTA sells admission to the attractions directly to visitors abroad, including Texas residents.

16. VALLARTA has intentionally directed its efforts in marketing to attract consumers in the United States and Texas, including Plaintiff, to purchase VALLARTA's goods and services. The advertisements and marketing materials prominently displayed on VALLARTA's interactive website includes VALLARTA's distinctions of being featured on popular Texas television programs including: National Geographic channel, Discovery channel, National Broadcasting Company, *The Amazing Race*, *Good Morning America*, and Travel channel; as well as widely-circulated publication *The New York Times*.

17. VALLARTA's marketing efforts on their website caught the attention of Texas resident Richard Tate, Plaintiff. Plaintiff used his internet browser to search for "best ziplines" from his home in Houston, Texas. Three (3) of the top five (5) search results related to VALLARTA AND the "adventures" it offers to customers. Plaintiff viewed the marketing claims and representations present on VALLARTA's website, and Plaintiff's decision to purchase goods and services from VALLARTA was informed by these representations present on VALLARTA's website. Following the incident described below, Plaintiff entered an agreement from Texas to purchase items from VALLARTA related to the incident using VALLARTA's website. These goods were delivered from

VALLARTA to Plaintiff's residence in Houston, Texas using the stream of commerce in Texas.

18. As a proximate result of the negligence of VALLARTA, a participant was sent down the hillside water-slide at a time when the slide was already occupied by Plaintiff. Plaintiff weighed considerably less than the participant who was prematurely and negligently pushed by VALLARTA personnel from the staging area down the slide. Plaintiff was still in the midst of the completing the slide downhill when the larger man collided with Plaintiff, causing Plaintiff injuries.

## COUNT I
## NEGLIGENCE OF VALLARTA ADVENTURES

19. Plaintiff adopts and re-alleges paragraphs 1 through 10 above, as fully set forth herein, and further alleges:

20. On or about July 21, 2016, Defendant breached the duty owed to Plaintiff of reasonable care under the circumstances by committing one or more of the following acts and/or was negligent in the operation of the business of the Vallarta Adventures Water Slide in the following respects:

   a. By negligently designing the Water Slide and the process by which persons are hurtled down it;

   b. By negligently failing to provide adequate maintenance of the Water Slide;

   c. By negligently failing to train employees at the Water Slide;

   d. By negligently failing to supervise employees at the Water Slide;

  e. By negligently failing to have adequate procedures and/or policies and/or protocols regarding the Water Slide;

  f. By negligently failing to investigate prior incidents where guests were injured on the Water Slide;

  g. By negligently failing to warn Plaintiff of the dangers of the Water Slide;

  h. By negligently failing to implement policies or procedures to make the attraction safe; and

  i. Other acts deemed negligent and grossly negligent.

21. VALLARTA's negligence, as described above, directly and proximately caused the injuries and damages to Plaintiff, as follows:

  a. Plaintiff has suffered and will continue to suffer bodily injury, physical pain and suffering, mental anguish, loss of the capacity to enjoy life, disability, physical impairment, and inconvenience;

  b. Plaintiff has incurred past medical expenses and will likely continue to incur such expenses for the remainder of his natural life;

  c. These injuries and damages are permanent and continuing in nature and Plaintiff will suffer loss and impairment in the future;

## COUNT II
## OPERATIONAL NEGLIGENCE OF RCI IN CHOOSING AND MONITORING THE EXCURSION

22. Plaintiff adopts and re-alleges paragraphs 1 through 13 above, as fully set forth herein, and further alleges:

23. Defendant owed Plaintiff a duty of reasonable care in the circumstances.

24. Notwithstanding Defendant's duty towards Plaintiff, Defendant breached the same by:

a. Failing to use reasonable care in selecting the tour on which Plaintiff was injured in regard to the quality and condition of its equipment and employees;

b. Failing to use reasonable care in monitoring on a reasonable basis the tour on which Plaintiff was injured in regard to the quality and condition of its equipment and employees;

c. Failing to use reasonable care in inspecting on a reasonable basis the tour on which Plaintiff was injured in regard to the quality and condition of its equipment and employees;

d. Failing to use reasonable care in investigating whether information provided to it regarding the safety and quality of the equipment and personnel was in fact true;

e. Failing to use reasonable care in requiring that the tour operator have and maintain safe, competent, trained and "expert" employees to assist passengers like Plaintiff on the Water Slide;

f. Failing to use reasonable care in requiring that the tour operator have and maintain safe, quality and well-maintained equipment for passengers like Plaintiff on the Water Slide;

9

g.  Failing to use reasonable care in promoting, advertising and selling reasonably safe excursions;

h.  Failing to use reasonable care in promulgating and/or enforcing reasonable safety rules for the inherently dangerous activities it promotes, advertises and sells;

i.  Failing to use reasonable care in training its employees who deal with the selection and monitoring of excursions and of selling excursions to guests like Plaintiff.

25.  Defendant has actual or constructive knowledge of the conditions herein alleged, by virtue of the fact of the length of time said conditions existed, the nature and extent of the dangerous conditions or the cause of the dangerous condition were repetitive, continuous, ongoing, recurring or recurring with some regularity.

26.  As a result of the negligence of the Defendant as aforesaid, Plaintiff was injured in and about his body and extremities when a Water Slide participant was prematurely and negligently pushed by VALLARTA personnel from the staging area down the slide when Plaintiff was still in the midst of the completing the slide downhill. As a result of the ensuing collision, Plaintiff suffered pain, mental and emotional distress, embarrassment, scarring, disfigurement and anguish therefrom; incurred medical expenses, physical disability and loss of ability to enjoy life. Said personal injuries are permanent and continuing in nature and Plaintiff shall continue to suffer such losses and impairments for the rest of his natural life.

## **RESPONDEAT SUPERIOR, AGENCY**

27. Plaintiff adopts and re-alleges paragraphs 1 through 18 above, as fully set forth herein, and further alleges:

28. Defendants' employees were agents and/or servants of Defendants. Defendants' employees were conducting work for Defendants. As such, Defendants are responsible for the conduct of employees due to the relationship that existed, among other acts and omissions of negligence which may be shown during the trial of this cause.

## **GROSS NEGLIGENCE**

29. Plaintiff adopts and re-alleges paragraphs 1 through 20 above, as fully set forth herein, and further alleges:

30. Plaintiff will further show that the acts and/or omissions of Defendants involved an extreme degree of risk considering the probability and magnitude of the potential harm to others. Defendants had actual subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and/or welfare of others, including Plaintiff.

31. As such, Defendants actions and omissions constitute gross negligence and malice as those terms are understood by law. Therefore, Plaintiff prays that punitive damages be awarded against Defendants.

## **DAMAGES**

32.     Because of the nature of Defendants' actions, Plaintiff seeks punitive damages.  Plaintiff seeks court costs, as well as pre-judgment and post-judgment interest at the appropriate rate allowed by law. As a result of Plaintiff's injuries and monetary losses, Plaintiff suffered the following damages, which are in the jurisdictional limits of this Court:

 a) Physical pain in the past, present and future;

 b) Mental anguish in the past, present and future;

 c) Medical expenses in the past, present and future;

 d) Physical disfigurement in the past, present and future; and

33.     Plaintiff specifically pleads for the recovery of punitive/exemplary damages arising out of the Defendants' grossly negligent conduct.

34.     By reason of the facts alleged herein, Plaintiff has been made to suffer and sustain, at the hands of this Defendant, general and special damages in excess of the minimum jurisdictional limits of this Honorable Court.  As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff states his damages exceed Five Hundred Thousand Dollars ($500,000.00).

35.     Further, Plaintiff seeks damages in an amount as to be determined by the jury and as the events may show proper at the time of trial. Plaintiff herein requests that this case be tried to a jury and that upon final hearing of such evidence, the jury return a verdict in conformity with the evidence in such an amount that is just and reasonable.

## JURY DEMAND

36. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a jury by jury on all issues.

## PRESERVATION OF EVIDENCE

37. Plaintiff hereby requests and demands that Defendants and their agents, attorneys, and insurers preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to training records, personnel records, photographs, videotapes, audiotapes, recordings, correspondence, memoranda, files, facsimiles, email, voice mail, text messages, or cellular telephone records. Failure to maintain such items will constitute "spoliation" of the evidence and may subject Defendants to sanctions.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon final trial of this case, Defendants be held liable for Plaintiff's damages and that the Court award the following relief:

a) actual and exemplary damages;

b) pre- and post-judgment interest;

c) costs of court;

d) and any other relief to which he may be entitled.

Respectfully submitted,

**THE PINKERTON LAW FIRM, PLLC**

*/s/ C. Chad Pinkerton*
**C. CHAD PINKERTON**
Federal ID No. 1068659
State Bar No. 24047199
cpinkerton@chadpinkerton.com
5020 Montrose Boulevard #550
Houston, Texas 77006
713-360-6722 (office)
713-360-6810 (facsimile)
www.chadpinkerton.com