**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RICHARD JAMES TATE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-290 |
| | § | |
| RCI, LLC and VALLARTA ADVENTURES | § | |
| SA de CV | § | |
| | § | |
| Defendants. | § | |

### ORDER DENYING THE PLAINTIFF'S RULE 56(d) MOTION

The defendant, RCI, LLC, moved for summary judgment, and the court set a briefing schedule, including oral argument on May 1, 2018. (Docket Entry No. 31, 39). The plaintiff, Richard Tate, asks the court under Rule 56(d) to deny or defer ruling on the motion to allow more discovery. (Docket Entry No. 41). Tate's motion is denied.

"Rule 56 does not require that any discovery take place before summary judgment can be granted." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990); *see also Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756, n.9 (5th Cir. 2005) (rejecting the plaintiff's contention that she was not asking for "additional" discovery because the discovery period was still open because Rule 56 does not require any discovery). "As a result, in a motion to extend the time to respond to a motion for summary judgment, the simple claim that discovery has not closed is insufficient." *Baker*, 430 F.3d at 756. "A trial court cannot rule on a summary judgment motion where adequate discovery has been denied a party . . . but any party claiming the need for additional discovery to defend against a motion for summary judgment must make a sufficient showing" under Rule 56(d). *Id.* (citations omitted).

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot

present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). "Rule 56(d) motions for additional discovery are 'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Am. Family Life Assur. Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). "Nevertheless, non-moving parties requesting Rule 56(d) relief 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.'" *Id.* (quoting *Raby*, 600 F.3d at 561). "Instead, the non-moving party must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Id.* (quoting *Raby*, 600 F.3d at 561). "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment." *Raby*, 600 F.3d at 561 (quoting *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

Tate asks for additional time because the discovery period has not ended and Tate has not yet deposed witnesses from RCI or Vallarta or other individuals present when the accident occurred. Tate also states that he has not received responses to written discovery.

Tate fails to make the showing Rule 56(d) requires. Tate asserts that the depositions "will

likely raise genuine issues of material fact" and that he must be allowed to cross-examine RCI's witnesses "in order to present facts essential to justify his opposition to RCI's motion." (Docket Entry No. 41 at 2–3). Tate does not state what specific deposition testimony is necessary for him to frame a response to the summary judgment motion. Tate alludes to his need for "facts surrounding RCI's relationship with Defendant Vallarta," but he makes only broad generalizations about his need for additional discovery. (*Id.* at 2). Tate fails to identify any "specified facts" he intends to develop through additional discovery, or to "set forth a plausible basis" for his asserted inability to respond to the motion without that discovery. He does not identify any specific facts that "probably exist," or explain how those facts "if adduced, will influence the outcome of the pending summary judgment motion." *Biles*, 714 F.3d at 894.

The motion to deny or defer ruling on RCI's motion for summary judgment to allow Tate to conduct additional discovery is denied. Counsel will appear at the hearing scheduled for **May 1, 2018 at 8:30 a.m.** to argue the pending motion for summary judgment.

SIGNED on April 23, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge