IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD JAMES TATE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-290 |
| | § | |
| RCI, LLC and | § | |
| VALLARTA ADVENTURES SA de CV | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM & OPINION DENYING VALLARTA ADVENTURES'
MOTION FOR RECONSIDERATION**

Vallarta Adventures asks the court to reconsider its ruling that the plaintiff, Richard Tate, made a *prima facie* showing that personal jurisdiction over Vallarta exists, sufficient to withstand Vallarta's Rule 12(b)(2) motion to dismiss. (Docket Entry No. 47). For the reasons stated below, the motion is denied.

**I.   Background**

Vallarta moved to dismiss for lack of personal jurisdiction, arguing that its suit-related contacts with Texas were insufficient to justify personal jurisdiction. (Docket Entry No. 27). After careful consideration of the motions, the record evidence, and the arguments of counsel, the court denied the motion, finding sufficient minimum contacts with Texas through Vallarta's interactive website. (Docket Entry No. 39).

Vallarta now asks the court to reconsider that ruling, arguing that newly produced evidence shows that Vallarta's contacts with Texas were not the "but-for" cause of Tate's injury. (Docket Entry No. 47). Tate opposes the motion, arguing that the court already

1

ruled on this issue and that nothing requires reconsideration or revision.

## II. The Legal Standard for Reconsideration

"Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time' 'any order or other decision . . . [that] does not end the action.'" *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting FED. R. CIV. P. 54(b)) (per curiam). An interlocutory order is one that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties [and] does not end the action as to any of the claims or parties." FED. R. CIV. P. 54(b). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). The Rule 54(b) standard is "more flexible" than the standard for other motions to reconsider and "reflect[s] the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id.* (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)). "It is within the discretion of the court whether to grant a motion to reconsider an interlocutory order." *Deeds v. Whirlpool*, No. Civ. A. H-15-2208, 2017 U.S. Dist. LEXIS 127461, at *31 (S.D. Tex. Aug. 10, 2017).

## III. Analysis

Vallarta argues for reconsideration on a narrow issue—that Vallarta's contacts with Texas were not the "but-for" cause of Tate's injuries because Tate did not rely solely on Vallarta's website in deciding to purchase the excursion. As a result, Vallarta argues, Tate's lawsuit did not "arise out of or result from" Vallarta's forum-related contacts and the court lacks personal jurisdiction over Vallarta. Vallarta bases its argument on new evidence Tate

2

submitted in response to the codefendant RCI's motion for summary judgment. Vallarta argues that David Lee's affidavit "conclusively negate[s] the basis of the Court's prior ruling." (Docket Entry No. 47 at 6). In his affidavit, Lee states: "Dick and I relied upon Mr. Bautista's expertise to choose a safe tour operator. Were it not for Mr. Bautista's representations and recommendations that we go on a Vallarta Adventures tour, neither myself nor Mr. Tate would have done so." (Docket Entry No. 41-4 at 2). The testimony, Vallarta argues, shows that in the absence of viewing the Vallarta website, Tate still would have purchased the excursion.

Tate responds that Lee's testimony is speculative because he does not know Tate's state of mind or reasons for purchasing the Vallarta excursion. (Docket Entry No. 29 at 4). Tate also attaches several additional exhibits to his response to the motion to reconsider. There is no indication that the exhibits could not have been submitted earlier and the court does not consider them. A motion for reconsideration is not an invitation to rehash the arguments or take a second bite at the apple. *See, e.g.*, *DAC Surgical Partners P.A. v. United Healthcare Servs.*, 2017 U.S. Dist. LEXIS 129215, at *9 (S.D. Tex. Aug. 14, 2017) ("However, while this discretion exists, the Court does not believe that it negates the policy reasons behind discouraging motions for reconsideration which rehash the same arguments or, without justification, raise new arguments for the first time. Using an overly generous standard in reviewing motions under Rule 54(b) would reduce judicial efficiency and give parties no incentive to raise all relevant arguments at first consideration of an issue; the fact that the Court retains the power to revise interlocutory orders does not give parties the right to continuously revisit the same issues."). Even if the court considered Tate's additional evidence, the outcome does not change. The narrow issue is whether the court should reconsider its previous ruling in light of the new evidence in the Lee affidavit.

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the "plaintiff bears the burden of establishing a district court's jurisdiction over a non-resident, but it need only make a prima facie case" if the district court does not conduct an evidentiary hearing. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citation omitted). At the motion to dismiss stage, "[p]roof by a preponderance of the evidence is not required." *Id.* (citing *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)). In deciding whether personal jurisdiction exists, "the court may receive . . . any combination of the recognized methods of discovery to help it resolve the jurisdictional issue." *Walk Haydel & Assocs. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008). "But even if the court receives discovery materials, unless there is a full and fair hearing, it should not act as a fact finder and must construe all disputed facts in the plaintiff's favor and consider them along with the undisputed facts." *Id.* "[O]n a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists." *Johnston*, 523 F.3d at 609 (quoting *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 546 (5th Cir. 1985)).

To satisfy the minimum contacts necessary to exercise personal jurisdiction over a foreign defendant, the defendant's suit-related conduct must "arise from or relate to" the minimum contacts with the forum state. "The Supreme Court has yet to distinguish between the 'arise out of' and 'relate to' requirements." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 753 F.3d 521, 543 (5th Cir. 2014). "There are three schools of thoughts regarding what 'arising out of or related to' means in the context of specific jurisdiction, and the Fifth

4

Circuit remains a proverbial free agent, having not yet expressly taken a position." *Benson v. Rosenthal*, 116 F. Supp. 3d 702, 710 (E.D. La. 2015) (discussing the approaches of other circuits). "While many circuits have expressly adopted some variation of these tests, the Fifth Circuit has not. Many other courts, however, have read the Fifth Circuit's analyses to infer a preference for the 'but for' standard." *Id.* (collecting cases); *see also Guzman v. Mem'l Hermann Hosp. Sys.*, No. H-07-3973, 2008 U.S. Dist. LEXIS 101781 (S.D. Tex. Dec. 17, 2008) (collecting cases); *FMC Int'l A.G. v. ABB Lummus Global, Inc.*, No. H-04-3896, 2005 U.S. Dist. LEXIS 40602 (S.D. Tex. July 22, 2005) ("The Fifth Circuit appears to have adopted a 'but-for' causation test to determine if the contact is sufficiently related to the plaintiff's cause of action.").

Tate previously argued that he relied on Vallarta's website in choosing to purchase the zipline and waterslide excursion tickets. He browsed the site from his home in Texas. The information and testimonials on the site led him to purchase the tickets from Vallarta when he arrived in Mexico. Resolving conflicting facts and inferences in Tate's favor, his testimony was enough for the *prima facie* showing needed to overcome Vallarta's motion to dismiss. The Lee affidavit does not change the outcome. Lee's testimony speculates about Tate's mindset and about what he relied on in deciding to purchase the Vallarta excursion.

Vallarta relies on *Head v. Las Vegas Sands, LLC*, No. 7:17-CV-00426, 2018 U.S. Dist. LEXIS 51541 (S.D. Tex. Mar. 27, 2018), to support its argument. The facts of *Head* are distinguishable. In *Head*, a wife sued the Las Vegas Sands Casino for enabling her husband's gambling, which caused him to fall deeply into debt and eventually commit suicide. The court analyzed a long list of alleged actions the casino took to keep the plaintiff's husband coming back to gamble, only one of which had any connection to Texas. The court

concluded that in the absence of sending corporate jets to McAllen, Texas to take the plaintiff's husband to Las Vegas, her husband still would have gone and gambled extensively. "Simply put, Plaintiffs allege so many different ways in which Defendants enticed Decedent to gamble, that it is impossible to say jet transportation from Texas to Las Vegas—alone—was a but-for cause of Plaintiffs' [claims]." *Head*, 2018 U.S. Dist. LEXIS 51541, at *17. Here, by contrast, Tate alleges that he viewed Vallarta's website from home and later purchased tickets from Bautista, who reassured Tate and his family that Vallarta was the safest option. Unlike *Head*, in this case, it is plausible to conclude that without his research on Vallarta's website, Tate would not have purchased the Vallarta excursion.

**IV. Conclusion**

Vallarta's motion for reconsideration, (Docket Entry No. 47), is denied.

SIGNED on June 8, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge