IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD JAMES TATE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-290 |
| | § | |
| RCI, LLC and VALLARTA ADVENTURES SA de CV | § § § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING THE PLAINTIFF'S RULE 56(d) MOTION**

The defendant, Vallarta Adventures, moved for summary judgment. (Docket Entry No. 46). The plaintiff, Richard Tate, asks the court under Rule 56(d) to deny or defer ruling on the motion to allow more discovery. (Docket Entry No. 49). Tate's motion is granted and the court will defer ruling on the motion.

"Rule 56 does not require that any discovery take place before summary judgment can be granted." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990); *see also Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756, n.9 (5th Cir. 2005) (rejecting the plaintiff's contention that she was not asking for "additional" discovery because the discovery period was still open because Rule 56 does not require any discovery). "As a result, in a motion to extend the time to respond to a motion for summary judgment, the simple claim that discovery has not closed is insufficient." *Baker*, 430 F.3d at 756. "A trial court cannot rule on a summary judgment motion where adequate discovery has been denied a party . . . but any party claiming the need for additional discovery to defend against a motion for summary judgment must make a sufficient showing" under Rule 56(d). *Id.* (citations omitted).

1

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). "Rule 56(d) motions for additional discovery are 'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Am. Family Life Assur. Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). "Nevertheless, non-moving parties requesting Rule 56(d) relief 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.'" *Id.* (quoting *Raby*, 600 F.3d at 561). "Instead, the non-moving party must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Id.* (quoting *Raby*, 600 F.3d at 561). "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment." *Raby*, 600 F.3d at 561 (quoting *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999); *see also Washington*, 901 F.2d at 1285 (5th Cir. 1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

Tate asks for additional time to depose a Vallarta representative and discover facts about the release form Vallarta submitted and relied on in its motion for summary judgment. Tate argues that

2

he lacks any information about the legitimacy, adequacy, or enforceability of the release under either Texas or Mexico law, including whether anyone explained the release to Tate, whether he understood it, or whether it was a one- or two-sided document. Because Vallarta bases its motion for summary judgment on the signed release and voluntary assumption of the risk, Tate argues that he needs the specified facts in order to properly respond to the motion. Tate presents evidence that he requested a deposition from a Vallarta representative on April 16, 2018 and that Vallarta did not produce the release until May 4.

Tate has met the 56(d) requirements. He asserts "specified facts" that he intends to develop through additional discovery. He presents evidence that he has attempted to conduct the discovery previously by requesting a deposition of a Vallarta representative, but has been unable to schedule or complete the deposition. The motion to defer ruling on Vallarta's motion for summary judgment, (Docket Entry No. 49), is granted. The court will defer ruling on Vallarta's motion. Tate must complete the additional discovery and supplement the record no later than August 7, 2018, and must file a supplemental response to the motion for summary judgment no later than August 28, 2018. A hearing on the motion is set for **September 5, 2018 at 11:00 a.m.**

SIGNED on June 11, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge